Appeals from judgments of the County Court of Ulster County rendered upon verdicts convicting defendants-appellants of the crimes of rape in the first degree (Penal Law, § 2010) and assault in the second degree (Penal Law, § 242, subd. 5), the latter being charged as assault with intent to commit the crime of rape. The indictment charged appellants, and three other defendants with the crimes above stated, committed upon the person of a 17-year-old girl. The complainant and all of the defendants were present at a block party. According to the testimony, appellant Ferraro led complainant to the automobile of defendant Embree who drove them to a secluded place, appellant De Groat and the remaining defendants following in another ear and joining them there. Complainant testified that Ferraro and Embree removed part of her clothing; that Ferraro, Embree and Christoforo lifted her over the back of the front seat, bruising her body; that De Groat held her under her chin, holding her head back and threatening to use a knife unless she were quiet, and that Embree assisted in holding her as Ferraro also attacked her and then forcibly raped her; and that all of the defendants in. turn had intercourse with her. There was medical evidence sufficient to corroborate the commission of rape by at least one person. The record contains no evidence, however, tending to corroborate the complainant’s identification of appellant De Groat as a participant in the rape. The only corroborative evidence which tends to connect appellant Ferraro with the rape is that complainant was observed leaving the block party with him and shortly thereafter was seen with him in Embree’s car as it was driven past the block party, at which time she yelled to the witness, calling the latter’s name. In the factual situation here presented, where several persons are claimed to have participated in the rape and the corroborative evidence of the crime itself does not necessarily infer acts by more than one person, the presence of Ferraro in the company of complainant and Embree at a place somewhat remote, in point of time and distance, from the scene of the crime, cannot be accounted corroboration of Ferraro’s participa *1046 tion in the subsequent crime of rape. We are unable, however, to agree with appellants’ contention that, should the rape convictions 'be reversed, a new trial on the assault count will be required. It is true that the jury deliberated upon both charges and that its finding of guilt as to the rape count doubtless concluded its consideration of the element of intent to commit rape necessary to conviction under the assault count, but we perceive in that situation no valid ground for appellants’ claim of prejudice. All the evidence adduced on the trial was relevant to the assault count and on a retrial of that charge alone appellants would in that respect be in no better position. The issues were clearly submitted to the jury in a fair and comprehensive charge to which no exceptions were taken. In addition, defendants’ attorney’s seven requests to charge, for the most part repetitious of the court’s instructions in the main charge, were charged in the language of the requests. We find no errors in the trial court’s rulings with respect to the admission and exclusion of evidence. Appellants point to one statement made in the assistant district attorney’s summation as prejudicial. While the statement did perhaps exceed proper bounds, the trial court immediately instructed the jury to disregard it. This instruction, in a trial singularly free from error, seems to us to have been completely curative of any possible prejudice. Judgments modified, on the law and the facts, to provide that appellants’ convictions of the crime of rape in the first degree be vacated and that the first count of the indictment charging rape in the first degree be, as to appellants, dismissed; and, as so modified, affirmed.
Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ., concur.